# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIGHFIELDS CAPITAL I, LP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEAWORLD ENTERTAINMENT, INC., et al.,<br><br>Defendants. | Case No. 3:18-cv-1276-MMA-AGS<br><br>**STIPULATION AND ORDER REGARDING THE FORMAT OF DOCUMENT PRODUCTIONS** |

IT IS HEREBY STIPULATED AND AGREED that this Stipulation and Order Regarding the Format of Document Productions shall govern the parties in the above-captioned action (the "Action"). This Stipulation and Order governs only the <u>form</u> of production.

**I.      GENERAL PROVISIONS**

Absent special circumstances, the specifications set forth below shall govern the production of all documents, testimony, exhibits, electronically stored information ("ESI"), and any other materials and information (including, to avoid any ambiguity, any copies, summaries or derivations thereof) produced by the parties during discovery in the Action. The parties agree that this stipulation supersedes the requirements of Fed. R. Civ. P. 34(b)(2)(E) and the subparts

thereunder. Nothing contained herein shall be construed to affect the discoverability or admissibility of any document.

## II. PRODUCTION OF HARD COPY DOCUMENTS

A. **TIFFs**. Documents should be produced in the form of single-page, Group IV TIFFs at 300 dpi. Each TIFF image should be named as its corresponding Bates number. Bates numbers, confidentiality designations, and redactions should be burned into the TIFF image files. TIFF image files should be provided in a self-identified "Images" folder. The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.

B. **OCR Text Files**. Optical Character Recognition ("OCR") text files shall be provided as a single text file for each document, not one text file per page. Each file should be named with the beginning Bates number that is assigned to its corresponding document, followed by .TXT. OCR text files should be provided in a self- identified "Text" directory. To the extent a document is redacted, OCR text files for such a document shall not contain text for redacted portions. The settings to achieve the highest quality text, such as "auto-deskewing" and "auto-rotation," should be turned on during the OCR process.

C. **Database Load Files/Cross-Reference Files**. Documents should be provided with Concordance-compatible image and data load files (i.e., .OPT and .DAT files) using standard Concordance delimiters. Concordance-compatible image and data load files (i.e., .OPT and .DAT files) should be provided in a self-identified "Data" folder.

D. **Coding Fields**. To the extent available, documents should be produced with at least the following searchable information in accompanying delimited data files: (1) BegBates; (2) EndBates; (3) BegAttach; (4) EndAttach; (5)

Pages; and (6) Custodian. Custodians should be identified using the convention "last name, first name." Entity/departmental custodians should be identified with a description of the entity or department. A producing party shall use a uniform description of a particular custodian across productions.

   E. **Bates Numbering**. Each TIFF image should be assigned a Bates number that: (1) is unique across the entire document production; (2) maintains a constant length across the entire production (i.e., padded to the same number of characters); (3) contains no special characters or embedded spaces; and (4) is sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production.

## III. PRODUCTION OF ESI

   A. **TIFFs**. Documents should be produced in the form of single-page, Group IV TIFFs at 300 dpi, with the exception of spreadsheet-type files, source code, audio and video files, which shall be produced in Native File format. TIFFs will show any and all text and images which would be visible to the reader when viewing the document as it was maintained in the ordinary course of business. TIFFs of email messages should include the BCC line. Each TIFF image should be named as its corresponding Bates number. Bates numbers, confidentiality designations, and redactions should be burned into the TIFF image files. TIFF image files should be provided in a self-identified "Images" folder.

   B. **System Files**. Common system and program files as defined by the NIST Library (which is commonly used by discovery vendors to exclude system and program files from document review and production) need not be processed, reviewed or produced. If a producing party chooses to exclude any other file types from review, the producing party will identify for the receiving party the categories of file types being excluded.

C. **Metadata Fields and Processing**. To the extent available, the parties will provide the metadata fields (which may be populated by the party or the party's vendor) set forth in Table 1, appended hereto.

D. **Extracted Text Files**. For each document, an extracted text file should be provided along with its corresponding TIFF image file(s) and metadata. The file name of each extracted text file should be identical to that of the first image page of its corresponding document, followed by .TXT. File names should not contain any special characters or embedded spaces. Where a Native File is produced, the text of the Native File should be extracted directly from the Native File. However, if a document has been redacted, OCR of the redacted document will suffice in lieu of extracted text.

E. **Database Load Files/Cross-Reference Files**. Documents should be provided with Concordance-compatible image and data load files (i.e., .OPT and .DAT files) using standard Concordance delimiters. Concordance-compatible image and data load files (i.e., .OPT and .DAT files) should be provided in a self-identified "Data" folder.

F. **Native Files**. Absent special circumstances, Excel files, .CSV files, other similar spreadsheet files and PowerPoint presentations shall be produced in native format ("Native Files"). Native Files should be provided in a self-identified "Natives" directory. Each Native File should be produced with a corresponding single-page TIFF placeholder image, which will contain language indicating that the document is being produced as a Native File. Native Files should be named with the beginning Bates number that is assigned to that specific record in the production. A "NativeLink" entry for each spreadsheet or presentation should be included in the .DAT load file indicating the relative file path to each Native File on the production media. Native Files should be produced with extracted text and, to the extent available, the applicable metadata fields set forth in Table 1.

G. **Redactions**. Redactions shall be applied to TIFF images of files and produced with a clear indication of the location of each redaction. The redacted TIFF image shall be produced in accordance with any other provisions for the production of TIFF images contained herein. Redacted text shall not be included in the text file for that redacted TIFF image. The original unredacted native file shall be preserved pending conclusion of this Action. If the items to be redacted and partially withheld from production are Excel-type spreadsheets or other ESI that would otherwise be produced in native in accordance with this Stipulation and Order but must be produced in TIFF format in order to effectuate the redaction, the entire item shall be produced in TIFF format, including all unprivileged pages, hidden fields and other information that does not print when opened as last saved by the custodian or end-user. For Excel-type spreadsheets, this shall include, but is not limited to, hidden rows and columns, all cell values, annotations and notes. The Producing Party shall also make reasonable efforts to ensure that any spreadsheets produced only as TIFF images are formatted so as to be legible. For example, column widths should be formatted so that the numbers in the column will display, rather than "##########." If the Requesting Party finds that the TIFF images of the Excel-type file is illegible or formatted in such a way that the document does not resemble how it was kept in the usual course of business or requires formulas to be shown, the parties shall meet and confer. If the items redacted and partially withheld from production are audio/visual files, the Producing Party shall provide the unprivileged portions of the content. If the content is a voice recording, the parties shall meet and confer to discuss the appropriate manner for the Producing Party to produce the unprivileged portion of the content.

H. **Structured Data**. To the extent responding to a discovery request requires production of ESI contained in a database, the parties will discuss methods of production that will best provide all relevant information, including but

not limited to duplication of databases or limited access for the purpose of generating reports. Parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file. A document reference sheet shall be provided to describe the purpose of the database and meaning of all tables and column headers produced. The parties shall meet and confer as needed to finalize the appropriate data extraction and production format for specific information contained in particular databases.

   I. **Requests for Other Native Files**.  Other than as specifically set forth above, a producing party need not produce documents in native format. If good cause exists for the receiving party to request production of certain documents in native format, the receiving party may request production in native format by providing: (1) a list of the Bates numbers of documents it requests to be produced in native format; and (2) an explanation of the need for reviewing such documents in native format. The producing party shall not unreasonably deny such requests. Each document produced in response to such requests shall be produced with a "NativeLink" entry in the .DAT load file indicating the relative file path to each Native File on the production media, and all extracted text and applicable metadata fields, to the extent available, set forth in Table 1.

   J. **Color**.  If an original document contains color and a party identifies that color is necessary to understand the meaning or content of the document and requests a copy of the document in color from the producing party, the producing party will act in good faith to facilitate the production of that document in color.

   K. **Parent-Child Relationships**.  Parent-child relationships (the association between e-mails and attachments) will be preserved. E-mail attachments will be consecutively produced with the parent email record.

   L. **De-duplication**.  Exact duplicate documents shall be removed only based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates. The parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical. Removal of near-duplicate documents is not acceptable. De-duplication will be done across the entire collection (global de-duplication) and, to the extent available, the Custodian field will list each Custodian, separated by a semi-colon, who was a source of that document.

   M. **Compressed File Types**.  Compressed file types (i.e., .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

### IV. ENCRYPTION

   To maximize the security of information in transit, any media on which documents are produced may be encrypted by the producing party. In such cases, the producing party shall transmit the encryption key or password to the requesting party, under separate cover, contemporaneously with sending the encrypted media.

### V. PROCESSING OF THIRD-PARTY DOCUMENTS

   A. A party that issues a non-party subpoena ("Issuing Party") shall include a copy of this Stipulation and Order with the subpoena and request that the non-party produce documents in accordance with the specifications set forth herein.

   B. The Issuing Party is responsible for producing to all other parties any documents obtained pursuant to a subpoena to any non-party. To the extent practical given the data volume, productions by a non-party should be produced by the Issuing Party to all other parties within twenty-one days of the non-party's production to the Issuing Party.

C. Nothing in this Stipulation and Order is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or third parties to object to a subpoena.

## VI. MISCELLANEOUS PROVISIONS

A. All productions are subject to any protective order entered by the Court or agreements as to confidentiality entered into by the parties in this Action.

B. The parties shall make good faith efforts to comply with and resolve any differences concerning compliance with this Stipulation and Order. If a producing party, notwithstanding their good faith efforts, cannot comply with any material aspect of this Stipulation and Order or if compliance with such material aspect would be unreasonable, a reasonable time before the date of production, such party shall inform the requesting party in writing as to why compliance with this Stipulation and Order is impossible or unreasonable. No party may seek relief from the Court concerning compliance with this Stipulation and Order unless it has conferred with other affected parties.

C. Nothing in this Stipulation and Order is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or third parties to object to a subpoena.

## VI. MISCELLANEOUS PROVISIONS

A. All productions are subject to any protective order entered by the Court or agreements as to confidentiality entered into by the parties in this Action.

B. The parties shall make good faith efforts to comply with and resolve any differences concerning compliance with this Stipulation and Order. If a producing party, notwithstanding their good faith efforts, cannot comply with any material aspect of this Stipulation and Order or if compliance with such material aspect would be unreasonable, a reasonable time before the date of production, such party shall inform the requesting party in writing as to why compliance with this Stipulation and Order is impossible or unreasonable. No party may seek relief from the Court concerning compliance with this Stipulation and Order unless it has conferred with other affected parties.

## TABLE 1: METADATA FIELDS

| Field Name | Example / Format | Description |
|---|---|---|
| **BEGNO** | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a document. |
| **ENDNO** | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a document. |
| **BEGATTACH** | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| **ENDATTACH** | ABC0000008 (Unique ID Parent-Child Relationships) | The Document associated with the last page of the last attachment. |
| **SENTDATE** | MM/DD/YYYY | The date the email was sent. |
| **SENTTIME** | HH:MM | The time the email was sent. |
| **RECEIVEDDATE** | MM/DD/YYYY | The date the document was received. |
| **RECEIVEDTIME** | HH:MM | The time the document was received. |
| **CREATEDATE** | MM/DD/YYYY | The date the document was created. |
| **CREATETIME** | HH:MM | The time the document was created. |
| **LASTMODDATE** | MM/DD/YYYY | The date the document was last modified. |
| **LASTMODTIME** | HH:MM | The time the document was last modified. |
| **MEETING START DATE** | MM/DD/YYYY | Start date of calendar entry |
| **MEETING START TIME** | HH:MM | Start time of calendar entry |
| **MEETING END DATE** | MM/DD/YYYY | End date of calendar entry |
| **MEETING END TIME** | HH:MM | End time of calendar entry |
| **AUTHOR** | jsmith | The author of a document from extracted metadata. |
| **LASTEDITEDBY** | jsmith | The name of the last person to edit the document from extracted metadata. |
| **FROM** | Joe Smith <jsmith@email.com> | The display name and e-mail of the author of an e-mail. If only e-mail is given, then just list the e-mail address. An e-mail address should always be provided for every document. |
| **TO** | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the recipient(s) of an e-mail. If only e-mail is given, then just list the e-mail address. An e-mail address should always be provided for every document. |
| **CC** | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the copyee(s) of an e-mail. If only e-mail is given, then just list the e-mail address. An e-mail address should always be provided for every document. |
| **BCC** | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the blind copyee(s) of an e-mail. If only e-mail is given, then just list the e-mail address. An e-mail address should always be provided for every document. |
| **SUBJECT** | | The subject line of the e-mail. |
| **TITLE** | | The extracted document title of a document. |
| **CUSTODIAN** | Smith, Joe; Doe, Jane | All of the custodians / sources of a document from which the document originated, separated by semicolons. |
| **ATTACH COUNT** | Numeric | The number of attachments to a document. |

| Field Name | Example / Format | Description |
|---|---|---|
| **FILEEXT** | XLS | The file extension of a document. |
| **FILENAME** | Document Name.xls | The file name of a document. |
| **FILESIZE** | Numeric | The file size of a document (including embedded attachments). |
| **MD5HASH** | | The MD5 Hash value or "de-duplication key" assigned to a document. |
| **NATIVELINK** | D:\NATIVES\ABC000001.xls | The full path to a native copy of a document. |
| **FULLTEXT** | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. These text files should be named with their corresponding bates numbers. Note: E-mails should include header information: author, recipient, cc, bcc, date, subject, etc. If the attachment or e-file does not extract any text, then OCR for the document should be provided. |

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this ESI Protocol.

**IT IS SO ORDERED.**

Dated: June 11, 2020

_____
Hon. Andrew G. Schopler
United States Magistrate Judge

2