UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIGHFIELDS CAPITAL I LLP, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br>v.<br>SEAWORLD ENTERTAINMENT, INC., et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 18-cv-1276-MMA (AGS)<br><br>**ORDER GRANTING MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>[Doc. Nos. 128, 130, 131, 133, 136, 138, 140, 142, 144, 146, 147, 149, 154, 156, 158, 160, 162, 164, 166, 168, 173] |

　　Pending before the Court are Plaintiffs' motion for partial summary judgment, Defendants' motion for summary judgment, the parties' *Daubert* motions, and various evidentiary objections. The parties seek to file various documents related to their motions, oppositions, replies, evidence, and objections under seal.[1] The parties' motions to seal are unopposed.

　　When presented with a request to file a document under seal, the Court begins with the strong presumption in favor of the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *see also Kamakana v. City and Cnty. of Honolulu*,

---

[1] The parties have filed redacted versions of these documents. *See* Doc. Nos. 169–188.

447 F.3d 1172, 1178 (9th Cir. 2006).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).  As such, "the burden on a motion to seal falls squarely on the movant." *Kamakana*, 447 F.3d at 1176.  The moving party can only overcome the presumption by "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178 (citations omitted) (internal quotation marks omitted).  "In turn, the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

Having reviewed the motions and respective documents, the Court finds that both parties have shown compelling reasons to file the documents under seal.  As the parties explain, the documents contain "confidential trading data and proprietary valuation models, which reflect discussions of such data or models, and/or contain sensitive business and investment information," Doc. No. 168 at 6, including "(i) non-public revenue or attendance data, (ii) internal policies, procedures, or strategies, including those concerning SeaWorld's Disclosure Committee, [and] (iii) propriety market research and survey data," Doc. No. 173 at 3.  As the Court has previously recognized, such confidential business materials may be properly sealed so as to prevent "improper use by competitors, 'circumvent[ing] the time and resources necessary in developing [the competitor's] own practices and strategies.'" *Baker v. Seaworld Entm't*, Inc., No. 14cv2129-MMA (AGS), 2017 U.S. Dist. LEXIS 182897, at *17 (S.D. Cal. Nov. 3, 2017)

(quoting *Algarin v. Maybelline, LLC*, No. 12cv3000 AJB (DHB), 2014 U.S. Dist. LEXIS 23882, at *9 (S.D. Cal. Feb. 21, 2014)).

Accordingly, the Court **GRANTS** the parties' motions to file documents under seal and **DIRECTS** the Clerk of Court to file the following **UNDER SEAL**: Doc. Nos. 129, 132, 134, 135, 137, 139, 141, 143, 145, 148, 150, 151, 155, 157, 159, 161, 163, 165, 167, and 190.

**IT IS SO ORDERED.**

Dated:  December 8, 2021

HON. MICHAEL M. ANELLO
United States District Judge